(No. 12401.—Judgment affirmed.)

THE PEOPLE *ex rel.* Orlin G. Holmes, County Collector, Appellee, *vs.* THE CLEVELAND, CINCINNATI, CHICAGO AND ST. LOUIS RAILWAY COMPANY, Appellant.

*Opinion filed April 15, 1919.*

1. TAXES—*when questions cannot be considered on an appeal from a judgment for taxes.* On an appeal from a judgment for taxes, questions raised by the property owner not based upon any facts disclosed in the record nor upon the specific objections to the validity of the taxes objected to, cannot be considered by the Supreme Court.

2. SCHOOLS—*purpose of sections 93 to 96 of the School law as amended in 1917, for the organization of a non-high-school district.* The purpose of sections 93 to 96, inclusive, of the School law as amended in 1917, providing for the organization of non-high-school districts, is to give all pupils in the non-high-school districts the privileges of a high school education of a four-year course, whether they live in districts having no high school or having only a two or three-year high school.

3. SAME—*under section 96 of School law as amended in 1917 any high school pupil may attend school in most convenient district.* Under section 96 of the School law as amended in 1917, high school pupils in township high-school districts, community high-school districts and in local high-school districts maintaining a recognized four-year high school have the same privilege of attending other high schools more convenient to them than those in their own district as is given to pupils in non-high-school districts.

4. SAME—*non-high-school district boards exercise jurisdiction separate from other high school boards.* The particular powers and duties granted to non-high-school district boards of education by section 94 of the School law as amended in 1917, and which were formerly given to boards of education of high-school districts located in such non-high-school districts, are by necessary implication withdrawn from such boards of education, and the boards in the two districts do not, therefore, exercise jurisdiction over the same territory for the same purpose.

5. SAME—*no limitation is placed on legislature with reference to formation of school districts and their power to tax.* There is no constitutional limitation placed upon the legislature with reference to the formation of school districts or as to the agencies

the State shall adopt for providing for free schools, and the legis-
lature may provide for the establishment of districts for different
purposes, conferring upon the boards of education the power of
taxation to the extent of the legislature's will.

6. SAME—*sections 93 to 96, inclusive, of School law as amended
in 1917 are not invalid.* Sections 93 to 96, inclusive, of the School
law as amended in 1917, referring to non-high-school districts, are
not subject to the objection that they permit two taxing bodies to
exercise jurisdiction over the same territory for the same purpose.

7. Other questions in this case are controlled by the decisions
in *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway
Co.* 286 Ill. 414, and *People* v. *Chicago and Northwestern Railway
Co.* 286 id. 384.

APPEAL from the County Court of Crawford county;
the Hon. DUANE GAINES, Judge, presiding.

P. J. KOLB, and JONES & LOWE, (L. J. HACKNEY, and
FRANK L. LITTLETON, of counsel,) for appellant.

Mr. CHIEF JUSTICE DUNCAN delivered the opinion of
the court:

Judgment was rendered in the county court of Craw-
ford county for the sum of $201.01, the amount of a tax
levied by the board of education of the non-high-school dis-
trict in that county, including interest, penalties and costs,
against the property of the Cleveland, Cincinnati, Chicago
and St. Louis Railway Company, appellant, for the year
1917.

Appellant's objections to the tax were based on the
ground that sections 93, 94 and 96 of "An act to establish
and maintain a system of free schools," as amended by an
act of the legislature of the State of Illinois approved June
22, 1917, are void. (Laws of 1917, pp. 741-744.)  One of
the several grounds urged by appellant against the validity
of said sections of the School law is, that the territory em-
braced in the "so-called non-high-school district need not
be, and in most instances cannot be, compact territory lying
contiguous, but ordinarily must, of necessity, consist of the

isolated and less populous parts of the several counties," entirely separated from each other by territory of intervening high-school districts.  No such an objection was made by appellant to the taxes, and it is not even shown or contended that the non-high-school district in question is composed of territory that is not contiguous and compact.  The contention of appellant in this regard, not being based upon any facts disclosed in the record or upon such specific objection to the validity of the taxes objected to, cannot be considered by this court.

Other specific objections made by the appellant to said taxes are, that said sections of the School law contravene and violate the provisions of the constitution of Illinois, particularly section 2 of article 2, section 22 of article 4 and sections 9 and 10 of article 9 thereof.  The same objections were made by appellant in the case of *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 286 Ill. 414, and were decided by this court in that case against appellant for the reasons given in the case of *People* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384. Those cases are conclusive in this case, and for the same reasons appellant's objections are overruled.

The final objection to the validity of sections 93 and 96 made by appellant is, that all territory not included in a high-school district maintaining a recognized four-year high school is included in the non-high-school districts, and pupils from any part of the non-high-school districts, including the local districts embraced therein that conduct a two or three-year high school, may attend any recognized two, three or four-year high school.  It is urged that these provisions compel tax-payers who reside in a local district included in a non-high-school district to contribute, without their consent, to the support of other high schools maintaining only a two or three-year course, thus permitting two taxing bodies to exercise jurisdiction over the same territory for the same purpose.

The material part of section 93 in the consideration of this objection provides thus: "In each county of the State, all the territory of the county not included in a township high-school district, or a community high-school district, or a district maintaining a recognized four-year high school, shall be organized into a non-high-school district for the purpose of levying a tax to pay the tuition of all eighth grade graduates residing in such non-high-school district, including pupils attending a recognized two or three-year high school conducted by a local school district.  *  *  * None of the provisions of this act regarding the establishment of non-high-school districts shall be construed to prevent the organization of any territory of such non-high-school districts, into township or community high school, school districts."

By section 94 the board of education of a non-high-school district is given the following powers and duties: (1) To levy a tax, annually, upon all the taxable property of such non-high-school district, not to exceed one per cent upon the valuation, to be ascertained by the last assessment for State and county purposes, for the purpose of paying the tuition of all eighth grade graduates residing within such non-high-school district attending any two, three or four-year recognized high school; (2) to issue orders on the county treasurer, payable out of any funds belonging to said non-high-school district, on or before the first Tuesday of May of each year, for the payment of the tuition of eighth grade graduates residing within such non-high-school district attending a recognized high school, provided such attendance shall be certified to said board by the board of education of the high school attended; (3) to make such reports as may be required by the State Superintendent of Public Instruction and by the county superintendent of schools; and (4) to pay election expenses and other necessary incidental expenses out of the funds of the non-high-school district.

Section 95 designates who shall be selected as treasurer of the non-high-school district and prescribes his duties. Section 96 provides as follows:

"Upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high-school district in which he resides and the board of education of the high-school district in which said pupil resides shall pay the tuition of such pupil, provided, said tuition shall not exceed the *per capita* cost of maintaining the high school attended. Any eighth grade graduate residing in a non-high-school district may attend any recognized two, three or four-year high school, and his tuition shall be paid by the board of education of the non-high-school district in which he resides.

"An eighth grade graduate in the meaning of this act is any person of school age who gives satisfactory evidence of having completed the first eight grades of school work by presenting a certificate of promotion issued by the home school board, or by passing an examination given by the county superintendent of schools or by passing an examination given by the school attended.

"A recognized high school in the meaning of this act is any public high school providing a course of two or more years of work approved by the Superintendent of Public Instruction.

"The tuition paid shall in no case exceed the *per capita* cost of maintaining the high school attended, excluding therefrom interest paid on bonded indebtedness which shall be computed by dividing the total cost of conducting and maintaining said high school by the average number of pupils enrolled, including tuition pupils."

Section 89 of the act entitled "An act to establish and maintain a system of free schools," approved and in force June 12, 1909, as subsequently amended, is the act which enables local school districts to establish and maintain high

schools, and it provides as follows: "Any school district having a population of two thousand (2000) inhabitants or more may, in the manner herein provided for establishing and maintaining a township high school, establish and maintain a high school for the benefit of the inhabitants of such school district, and elect a board of education therefor with the same powers conferred on township high school boards of education. The territory of such district when so organized for high school purposes shall constitute a high-school district for high school purposes distinct and separate from the common school district having the same boundaries, and the high school board of education of such high-school district shall have the same power to levy taxes and establish and maintain high schools as township high school boards of education organized under this act possess, and such taxes shall be in addition to the taxes authorized to be levied by section 189 of this act. All school districts which have heretofore organized under this section, elected a high school board of education, and are maintaining a high school, shall be regarded as high-school districts distinct and separate from the common school district having the same boundaries, and the high school board of education of such high-school district shall have the same power of taxation as township high school boards of education organized under this act."

The evident purpose of sections 93 to 96, inclusive, is to give all eighth grade graduates in the non-high-school districts the privileges of a high school education in a four-year course. In obtaining this education a pupil has the privilege of attending any recognized two, three or four-year high school. This gives him the option of attending a recognized high school of a two-year course if that should be more convenient to him, and at the end of two years of attending some recognized three-year high school for such time as he may complete a three-year high school course, and then finally of attending a recognized four-year

high school until he becomes a graduate of that four-year high school. His tuition is to be paid in all such high schools that he may attend by the non-high-school board of education of his district. All high school pupils of any recognized high school in a local district included in the non-high-school district are given the same privileges of a high school education in a recognized four-year high school, and for this purpose they have the privilege of attending their own high school until they have completed the two or three-year high school course in that high school, and then of finishing their education by attending any other high school until they have completed a four-year high school course, provided they have obtained the approval of the county superintendent of schools, as provided in section 96. It is further apparent by the provisions of said section that high school pupils in township high-school districts, community high-school districts, and in local high-school districts maintaining a recognized four-year high school, have the same privilege of attending high schools in districts more convenient to them than their own high-school district and upon the same terms provided in section 96.

All the powers and duties granted to boards of education of non-high-school districts are enumerated in section 94, and the sum and substance of their powers and duties in their districts is to levy taxes for the purpose of paying the tuition of all eighth grade graduates attending recognized high schools, and all election expenses and other necessary incidental expenses, out of said taxes, and paying said high school tuition and expenses and the making of reports to the State superintendent and the county superintendent. These powers and duties granted to the non-high-school boards, or such of them as were given to boards of education of high-school districts located in such non-high-school districts, are also by necessary implication withdrawn or taken from such high school boards of education.

Therefore there is no clash between the powers and duties of the boards of education of the non-high-school districts and the boards of education of such high-school districts as are located in the non-high-school districts. So far as these two boards are concerned, it cannot be said that they are two bodies exercising jurisdiction over the same territory for the same purpose. The creation of the township high school boards for said purposes amounts to nothing more than a division or re-distribution of existing powers under the School law. (*Russell* v. *High School Board,* 212 Ill. 327.) It is evident that in the discharge of its ·powers and duties the board of education of the non-high-school district does not conflict with any other board or authority in the discharge of its duties.

It is clearly apparent from said sections that the high school boards in the non-high-school districts are authorized to levy taxes and pay the tuition of all eighth grade graduates in the non-high-school districts, including the local school districts therein conducting two or three-year high schools, and to pay such tuition to any and all high school boards conducting approved high schools which such eighth grade pupils may elect to attend. This is made apparent (1) in section 93, which declares that the non-high-school districts are organized "for the purpose of levying · a tax to pay the tuition of all eighth grade graduates residing in such non-high-school district, including pupils attending a recognized two or three-year high school conducted by a local school district;" (2) by the provisions of section 94, which provide that the levy of the annual tax in the non-high-school district is "for the purpose of paying the tuition of all eighth grade graduates residing within such non-high-school district, attending any two, three or four-year recognized high school;" (3) by the further provisions of section 94 that such non-high-school boards shall issue orders "for the payment of the tuition of eighth grade graduates residing within such non-high-school district at-

tending a recognized high school;" and (4) by the provisions of section 96 providing that "any eighth grade graduate residing in a non-high-school district may attend any recognized two, three or four-year high school, and his tuition shall be paid by the board of education of the non-high-school district in which he resides." It is contemplated, also, by these sections that any local school district conducting a two or three-year high school will so conduct it that it will be a high school approved by the Superintendent of Public Instruction, as provided by section 96. As every board of a non-high-school district is authorized to pay the tuition of all eighth grade graduates attending any approved high school which they may attend, if any such non-high-school district has one or more local districts conducting approved high schools the non-high-school board is authorized to pay the tuition to such high schools of all eighth grade graduates attending those schools, including those eighth grade graduates attending the high school in their own high-school district. If such non-high-school district has also local school districts that do not conduct high schools, it is clear that all the school boards may exercise their powers and duties in their several school districts without any clash in their powers and duties. The local school district conducting no high school simply exercises all the powers and duties given to it under the School law before the sections in question were enacted. In the local school districts conducting two or three-year approved high schools the school directors will exercise the powers and duties, in the common school district of the same boundaries, that were given to them under the School law before the enactment of said sections, and the high school boards of education in such school districts will exercise the same powers and duties granted to them under section 89, except that part of their powers and duties that is withdrawn from them and lodged in the non-high-

school board of education under said sections now in question. This interpretation makes it clear that sections 93 to 96, inclusive, are not subject to the objection that they permit two taxing bodies to exercise jurisdiction over the same territory for the same purpose. Such an interpretation is reasonable, and if for any reason the meaning of said sections is doubtful, the doubt must be resolved in favor of the validity of the act of the General Assembly. *Wilson* v. *Board of Trustees,* 133 Ill. 443.

The provisions of said section 96 that upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the board of education of the high-school district in which said pupil resides shall pay the tuition of such pupil, cannot have the effect to invalidate any of the provisions of said sections or to change the interpretation already placed upon them. This provision is simply made for the convenience of all high school pupils, and it applies alike to all high schools having an approved high school course. There is no constitutional limitation placed upon the legislature with reference to the formation of school districts or as to the agencies the State shall adopt for providing for free schools. It is entirely competent for the legislature to provide for the establishment of township high schools as well as school districts, and to confer upon each of said boards the power of taxation to the extent of the legislature's will. *People* v. *Chicago and Illinois Midland Railway Co.* 256 Ill. 488.

The judgment of the county court is affirmed.

*Judgment affirmed.*