O. A. WEATHERFORD *et al.* Appellees, *vs.* THE SCHOOL DIRECTORS OF DISTRICT No. 7, Appellants.

*Opinion filed June 18, 1925.*

1. SCHOOLS—*section 96 of School law, providing for transfer of pupils, does not confer legislative power on county superintendents.* Section 96 of the School law, providing for attendance of pupils residing in one high school district at a more convenient school in another district, does not delegate legislative power upon county superintendents, as the question of the convenience of school attendance is of an administrative character and is properly left to the decision of the superintendents affected. (*Board of Education* v. *Board of Education,* 314 Ill. 83, followed.)

2. SAME—*when common school district is part of a non-high-school district.* By section 93 of the School law any common school district which is not included in a township, community or other high school district maintaining a recognized four-year high school is a part of a non-high-school district, which is governed by a board of education, as provided in section 94, and not by a board of directors.

3. SAME—*directors of common school district not liable for tuition of pupils transferred under section 96 of School law.* Under section 96 of the School law the tuition of an eighth grade graduate who resides in a non-high-school district and who attends any recognized high school must be paid by the board of education of the non-high-school district in which the pupil resides, and the directors of the common school district where the pupil resides are not liable for the tuition of a pupil transferred under said section whether he be a resident of a high school or non-high-school district.

4. PLEADING—*demurrer will be referred back to first defective pleading.* A demurrer brings the whole record before the court, and upon its examination judgment will be given against the party whose pleading was first defective in substance.

APPEAL from the County Court of Douglas county; the Hon. D. H. WAMSLEY, Judge, presiding.

DOBBINS & DOBBINS, for appellants.

WILLIAM K. WHITFIELD, JESSE L. DECK, L. ERNEST STEPHENSON, and W. THOMAS COLEMAN, for appellees.

Mr. JUSTICE DeYOUNG delivered the opinion of the court:

On August 23, 1921, Wayne Reeder and Stoughton Reeder, eighth-grade graduates residing in Garrett School District No. 7, in Douglas county, requested permits of the superintendent of schools of that county, under section 96 of chapter 122, (Smith's Stat. 1921, p. 1785,) to attend the high school maintained by Atwood Township High School District No. 154, in the counties of Douglas, Piatt and Moultrie. Permits, effective for nine months from the date of application, were granted by him. The two pupils were enrolled in the Atwood township high school in September, 1921, and attended that school until the close of the year, on May 30, 1922. Prior to that date no consents to the transfer had been requested or obtained from the superintendents of schools of Piatt and Moultrie counties. On November 18, 1922, the authorities of the Atwood Township High School District instituted a suit in assumpsit in the county court of the county of Douglas against the school directors of district No. 7 to recover the tuition of the two transferred pupils, amounting to $200.77 for each, payment of which had been demanded and refused. After the original declaration had been filed the superintendents of schools of Piatt and Moultrie counties issued certificates consenting to and approving the transfer of the pupils to the Atwood township high school, and ratifying, confirming and validating all lawful acts of the superintendent of schools of Douglas county and the boards of educa-

tion in connection therewith.   On May 5, 1924, an amended declaration was filed, which, among other things, set forth the issuance of the certificates by the superintendents of schools of Piatt and Moultrie counties.   Seven pleas had been filed to the original declaration.   These pleas were allowed to stand to the amended declaration, and an additional plea, which averred the unconstitutionality of section 96 of the School law, was also interposed thereto.   Each of the pleas denied liability and concluded with a verification.   The plaintiffs filed a general demurrer to the several pleas.   The defendants made a motion to carry the demurrer back to the amended declaration.   The motion was denied and the demurrer to the pleas was sustained.   The defendants elected to stand by their pleas and by their motion to carry the demurrer back to the amended declaration.   Judgment was rendered against the defendants for the sum claimed, and costs.   They prosecute their appeal directly to this court on the ground that the validity of a statute is involved in the case.

The contentions upon which appellants rely for a reversal of the trial court's judgment are essentially three. Reversing the order of their presentation, they are: (1) That section 96 of the School law in no way purports to make the act of the county superintendent in granting his approval of the transfer of a pupil from one high school district to another conclusive upon the question of the relative convenience of the schools, and that if the section confers upon the county superintendent the power to determine that question, it is then a delegation of legislative power and therefore necessarily unconstitutional; (2) that appellants are directors of a common school district; that section 96 of the School law imposes a liability for tuition, upon the conditions prescribed, only upon the board of education of a high school district or a non-high-school district, as the case may be, and not upon the directors of a common school district, and that, in consequence, appellees have no

317—32

cause of action against appellants; and (3) that, in any event, under section 96 of the School law the consents of the superintendents of schools of Douglas, Moultrie and Piatt counties were required in the instant case before any liability for the tuition could arise, and that no such liability exists because two of these consents were obtained long after the pupils had ceased to attend the Atwood township high school.

The first contention has been determined adversely to appellants in *Board of Education of Princeton School District* v. *Board of Education of Wyanet School District*, 314 Ill. 83. It was there held that the General Assembly could not deal with the details of every particular. case covered by a statute; that the method of executing a law must necessarily be left in some cases to the reasonable discretion of administrative officers, and that the question of the convenience of school attendance is of an administrative character and properly left to the decision of the county superintendent of schools.

Appellees allege in their amended declaration that they, as members of the board of education of Atwood township high school, at a special meeting held on January 18, 1924, adopted a resolution in respect of the claims here involved, which recited, among other things, that Garrett School District No. 7 conducted a grade school; that the school embraced in its curriculum certain branches of high school study but that it did not offer a four-year high school course and that it was not an accredited high school. The amended declaration contains no allegation that Garrett School District No. 7 maintains a township, a community or a recognized four-year high school. Among the averments in the first plea to that declaration are, that "the defendant school district is not a high school district nor are the defendant school directors a board of education, but that it, the said Garrett School District, is a common school district governed by a board of three directors." Appellees' general

demurrer to the plea admits these averments. On this record, therefore, it appears that Garrett School District No. 7 is a common school district and not a high school district, that it maintains a grade school and not a four-year high school, and that appellants are its directors and that they are not members of a board of education.

By section 93 of the School law (Smith's Stat. 1921, p. 1784,) all the territory of the county not included in a township high school district, or a community high school district, or a district maintaining a recognized four-year high school, is organized into a non-high-school district for the purpose of levying a tax to pay the tuition of all eighth grade graduates residing in such non-high-school district, including pupils attending a recognized two or three-year high school conducted by a local school district. The same section provides for the election of a board of education for such non-high-school district, and section 94 (Smith's Stat. 1921, p. 1785,) prescribes the board's powers and duties. Since Garrett School District No. 7 does not, upon this record, constitute a township or a community high school district or a district maintaining a recognized four-year high school, its territory is included, by the provisions of section 93 of the School law, in the non-high-school district of Douglas county. It will be observed, too, that the non-high-school district is governed by a board of education and not by a board of directors.

Section 96 of the School law (Smith's Stat. 1921, p. 1785,) provides: "Upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil, provided, said tuition shall not exceed the *per capita* cost of maintaining the high school attended. Any eighth grade graduate residing in a non-high-school district may attend

any recognized two, three or four-year high school, and his tuition shall be paid by the board of education of the non-high-school district in which he resides." By this section the obligation to pay the tuition of a high school pupil who attends a recognized high school in some district other than the high school district in which he resides is imposed upon the board of education of the high school district of his residence. Likewise, the tuition of an eighth grade graduate who resides in a non-high-school district and who attends any recognized high school must be paid by the board of education of the non-high-school district in which he resides. In neither case, whether the pupil be a resident of a high school district or of a non-high-school district, does the statute fix or charge liability for his tuition upon the directors of a common school district. It follows that appellants, as school directors of district No. 7, are not liable for the tuition of the two pupils, Wayne Reeder and Stoughton Reeder. Hence the amended declaration fails to state a cause of action. Appellants' motion to carry the demurrer to their pleas back to the amended declaration should have been allowed. The demurrer should have been sustained to the declaration and not to the pleas. The rule is well established that a demurrer brings the whole record before the court, and upon its examination judgment will be given against the party whose pleading was first defective in substance. *Stott* v. *City of Chicago,* 205 Ill. 281; *Louisville, New Albany and Chicago Railway Co.* v. *Carson,* 169 id. 247; *People* v. *City of Spring Valley,* 129 id. 169; *Illinois Fire Ins. Co.* v. *Stanton,* 57 id. 354.

The trial court should have rendered judgment for the appellants. For that reason it is unnecessary to consider appellants' remaining contention.

The judgment of the county court will be reversed.

*Judgment reversed.*