THE PROVISO TOWNSHIP HIGH SCHOOL No. 209 BOARD OF EDUCATION, Appellee, vs. THE OAK PARK AND RIVER FOREST TOWNSHIP HIGH SCHOOL DISTRICT No. 200 BOARD OF EDUCATION, Appellant.

*Opinion filed June 16, 1926—Rehearing denied October 7, 1926.*

1. SCHOOLS—*provision of section 96 of School law for payment of tuition by high school district is valid.*   The provision of section 96 of the School law, as amended in 1917, for the payment of tuition by one high school district to another district to which a pupil of the former district is transferred does not violate the constitutional provision against taking property without due process of law, as the tuition is paid out of taxation which is a public fund in the hands of agents of the State and is subject to the will of the legislature;  nor does said provision of section 96 impose any tax or burden on a municipal corporation in violation of section 10 of article 9 of the constitution.

2. SAME—*section 96 of the School law, providing for transfer of pupils, does not delegate legislative power.*   Section 96 of the School law, as amended in 1917, providing for the transfer of pupils from one high school to another upon the determination of the county superintendent that it is more convenient for pupils to attend the latter school, does not give legislative power to an administrative officer, but such transfer of pupils is an administrative function, involving a consideration of details, which is properly left to the determination of an administrative officer.

3. SAME—*section 96 of School law, as amended in 1917, is not an invalid amendment.*   The amendatory act of 1917, amending section 96 of the School law and eight other sections, constitutes a revision of the sections amended and does not violate section 13 of article 4 of the constitution, as it does not embody any independent legislation not embraced within the title of the School act; nor does it amend, by reference only, section 121 of the School law, as it applies only to high schools and not to grade schools.

4. SAME—*section 96 of School law, as amended in 1917, is not invalid as a local or special law.*   Section 96 of the School law, as amended in 1917, does not violate section 22 of article 4 of the constitution, which prohibits the passage of local or special laws. (*Princeton High School District* v. *Wyanet High School District*, 314 Ill. 83, followed.)

5. SAME—*section 96 of the School law, as amended in 1917, is not discriminatory.* Section 96 of the School law, as amended in 1917, does not violate the fourteenth amendment to the Federal constitution, guaranteeing equal protection of the laws, as it applies equally and uniformly to all high school pupils, and a law uniformly applicable to all similarly situated is not discriminatory.

APPEAL from the Circuit Court of Cook county; the Hon. J. C. EAGLETON, Judge, presiding.

KRAFT, KRAFT & ERSKINE, for appellant.

CLITHERO, VANSCHAICK & STEVENS, (GUY VAN-SCHAICK, of counsel,) for appellee.

Mr. JUSTICE DEYOUNG delivered the opinion of the court:

Kenneth Wright, a boy of high school age, residing at River Forest, in the western part of the Oak Park and River Forest Township High School District, applied to the county superintendent of schools of Cook county for admission to the Proviso township high school. The county superintendent, by a letter addressed to the principal of the Proviso township high school, assented to the transfer, stating in the letter: "As it is much more convenient for him [Kenneth Wright] to attend the Proviso high school I am giving my approval for his transfer. See section 96, School law of Illinois. The high school district in which he lives will be obliged to pay his tuition." The two high school districts are separated by the Desplaines river. The Proviso township high school is two or three blocks west and the Oak Park and River Forest township high school is about three miles east and somewhat north of the pupil's residence. He attended the Proviso township high school for the school year from September, 1919, to June, 1920. Payment of his tuition was requested of the Oak Park and River Forest township high school board but the request was refused.

The board of education of the Proviso township high school then instituted suit, based upon section 96 of the School law, to recover the tuition. Upon the trial it was stipulated that the per capita cost of maintaining the Proviso township high school, exclusive of interest on its bonded indebtedness, for the school year in question, exceeded $150, but the defendant contended that section 96 of the School law was unconstitutional and for that reason did not authorize the recovery sought. Judgment was rendered for the plaintiff for $150 and costs, and this appeal by the defendant followed.

Section 96 of an act entitled "An act to establish and maintain a system of free schools," as amended in 1917, (Laws of 1917, p. 743,) provides in part: "Upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil, provided, said tuition shall not exceed the per capita cost of maintaining the high school attended." Appellant asserts that this amended section contravenes section 2 of article 2, article 3, the thirteenth and twenty-second sections of article 4 and section 10 of article 9 of the State constitution and the fourteenth amendment of the Federal constitution.

Section 2 of article 2 of the constitution prohibits the taking of life, liberty or property without due process of law. The high school is a part of the State system of free schools. The board of education of a high school district is an agency of the State created by the General Assembly in obedience to the constitutional mandate to provide a thorough and efficient system of free schools whereby all children of this State may receive a good common school education. Taxes are not levied by a board of education for the private benefit of the board, the tax-payers or the pupils

of the district, but to provide public funds for the purpose of establishing and maintaining a system of free schools, and these taxes are public property in the hands of the agents of the State for that purpose and are subject to the will of the General Assembly. Amended section 96 of the School law does not, therefore, deprive either the school district or its tax-payers of property without due process of law. *Princeton High School District* v. *Wyanet High School District,* 314 Ill. 83; *People* v. *Chicago and Northwestern Railway Co.* 286 id. 384.

The division of the powers of the State government into three distinct departments by the third article of the constitution is violated by amended section 96 of the School law, appellant insists, because it delegates to the county superintendent of schools, an administrative officer, the power, legislative in its nature, to determine when it is more convenient for a pupil to attend one high school than another, without placing any limitations upon or prescribing any rules for the exercise of that power. The General Assembly cannot deal minutely with every particular situation within the provisions of a statute, and the method or manner of executing a law must necessarily be left in a large measure to the reasonable discretion of administrative officers. The transfer of pupils from one high school district to another is an administrative function involving a consideration of details and is properly left to the determination of the county superintendent of schools. The power conferred upon that officer in that respect is an administrative and not a legislative power. (*Princeton High School District* v. *Wyanet High School District, supra; Weatherford* v. *School Directors,* 317 Ill. 495.) Hence amended section 96 does not violate article 3 of the constitution.

The subject matter of amended section 96, appellant argues, is foreign to that of the same numbered section prior to the amendment, and for that reason violates the provision of section 13 of article 4 of the constitution that

no act shall embrace more than one subject and that shall be expressed in the title.   The amendatory act has as its title "An act to amend sections 88, 89, 90, 91, 92, 93, 94, 95 and 96, of an act entitled, 'An act to establish and maintain a system of free schools,' approved and in force June 12, 1909, as subsequently amended, and to repeal conflicting statutes."   (Laws of 1917, p. 737.)   A comparison of the original section with the section as amended discloses a dissimilarity in their respective provisions.   The amendatory act, however, was not limited to section 96 but specifically included eight other sections, and constituted a revision of sections 88 to 96, both inclusive.   But the amendatory act was confined in its scope to the subject matter of the sections as originally enacted.   It introduced no new substantive matter not germane or pertinent to that contained in the original sections, nor did it embody any independent legislation not embraced within the title of the School act. For that reason the constitutional provision invoked was not violated.

Section 96 as amended, it is further argued by appellant, is an amendment of section 121 of the School law, and as such violates the provision of section 13 of article 4 of the constitution that no law shall be revived or amended by reference to its title, only, but the law revived or the section amended shall be inserted at length in the new act.   Section 121 permits the transfer of pupils from one district to another upon the written consent of a majority of the directors of each district concerned.   No reference is made in that section to the transfer of pupils from one high school to another.   An examination of section 121 will disclose that it has application to grade or common schools, while amended section 96 is concerned with attendance upon high schools.   Each of these sections has its purpose and is independent of the other, and section 121 was not amended by section 96.

Appellant contends that section 96 as amended is in conflict with section 22 of article 4 of the constitution, which prohibits the passage of local or special laws in certain enumerated cases. This contention was denied in *Princeton High School District* v. *Wyanet High School District, supra,* and need not be further considered.

Appellant argues that amended section 96 permits the county superintendent of schools, by assenting to the transfer of a pupil from one high school district to another, to impose an obligation for his tuition upon the high school district of his residence without its consent, in violation of section 10 of article 9 of the constitution, which provides that "the General Assembly shall not impose taxes upon municipal corporations, or the inhabitants or property thereof, for corporate purposes, but shall require that all the taxable property within the limits of municipal corporations shall be taxed for the payment of debts contracted under authority of law, such taxes to be uniform in respect to persons and property, within the jurisdiction of the body imposing the same." The contention is without merit. *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 Ill. 70, and 286 id. 414; *People* v. *Chicago and Northwestern Railway Co. supra.*

Finally, appellant insists that the method provided for the transfer of high school pupils differs from that prescribed for the transfer of grade or common school pupils; that these differing provisions are discriminatory and deny the equal protection of the laws guaranteed by the fourteenth amendment to the Federal constitution, and that amended section 96 of the School law is therefore void. The conditions upon which the transfer of pupils from one district to another shall be permitted are questions to be determined by the General Assembly. It may, if it sees fit, prescribe conditions for their transfer to grade schools which differ from those required for their transfer to high schools. In prescribing such conditions, however, the same privileges

must be extended equally to all children under the same circumstances. (*People* v. *Moore,* 240 Ill. 408.) A law uniformly applicable to all similarly situated is not discriminatory. Section 96 as amended applies equally and uniformly to all high school pupils, and it does not deny to any person the equal protection of the laws.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*