(No. 16148.—Judgment affirmed.)

THE BOARD OF EDUCATION OF PRINCETON HIGH SCHOOL DISTRICT No. 500, Appellee, *vs.* THE BOARD OF EDUCATION OF WYANET COMMUNITY HIGH SCHOOL DISTRICT No. 510, Appellant.

*Opinion filed October 28, 1924.*

1. SCHOOLS—*act providing for transfer of pupils upon payment of tuition by a district does not violate due process of law.* Section 96 of the School law, providing that pupils of one high school district may attend the school of another district upon the payment of tuition by the former district, does not deprive any tax-payer or district of property without due process of law, as the legislature has full control over the funds raised by taxation for school purposes, and such funds are not collected for the private benefit of any school board but are public property in the hands of the district as an agency of the State.

2. SAME—*high school is part of public school system.* The high school is a part of the system of free schools of the State, and children of school age sustain no relation to the high school different from that which they sustain to any of the grades or other departments of the school.

3. SAME—*section 96 of the School law, providing for transfer of high school pupils, does not confer legislative or judicial power.* Section 96 of the School law, authorizing the county superintendent to determine when it is more convenient for a pupil of one high school district to attend the school of another district, does not confer upon the superintendent legislative or judicial power, as the convenience of school for the attendance of pupils is a material element of administrative character, tending to produce a thorough and efficient system of schools.

4. SAME—*section 96 of the School law, providing for transfer of high school pupils, is not invalid as a special law.* Section 96 of

the School law, providing for the attendance of pupils of one high school district at the school of another district with the approval of the county superintendent, is not unconstitutional as a special law, as the law applies uniformly to all pupils similarly situated.

5. STATUTES—*method of executing a law may be left to administrative officers.* The legislature cannot deal with the details of every particular case covered by a statute, and the method or manner of executing the law must necessarily in some cases be left to the reasonable discretion of administrative officers.

APPEAL from the Circuit Court of Bureau county; the Hon. JOE A. DAVIS, Judge, presiding.

JOSEF T. SKINNER, for appellant.

J. L. SPAULDING, for appellee.

Mr. JUSTICE HEARD delivered the opinion of the court:

This suit was brought before a justice of the peace by the board of education of Princeton High School District No. 500, of Bureau county, Illinois, against Wyanet Community High School District No. 510, of Bureau county, to recover tuition fees for the school year 1921-22, at the rate of $75 per year, on account of the attendance at the Princeton high school during that school year of four pupils, all of whom resided within, and were eligible to attend the recognized high school maintained in, Wyanet school district. The suit was based upon certificates issued by the county superintendent of schools of Bureau county approving the transfer of the four pupils, permitting them to attend the Princeton high school, and ordering the board of education of the high school district in which they resided to pay their tuition in accordance with section 96 of the School law of Illinois. These certificates were dated October 13, 1921, and were based upon the applications of the pupils, in which they severally stated that they desired, because of convenience, to attend the Princeton high school. The justice of the peace entered judgment for plaintiff for

the amount of the claim, to-wit, $300, and costs of suit, from which judgment the defendant appealed to the circuit court of Bureau county, where the case was tried before the court without a jury by agreement of the parties. The circuit court found the issues for the plaintiff and rendered judgment for the sum of $261.20, deducting that part of the school year which had elapsed between September 4, 1921, when the school year in Princeton high school district commenced, and October 13, 1921, when the certificates were issued by the county superintendent of schools, from the annual tuition fee and charge of $75 per pupil, which had been fixed by resolution of the board of education of the Princeton high school district, from which judgment defendant appealed to this court.

All of the principal facts in the case were stipulated and agreed upon by the parties in writing, except the location and places of residence of the four pupils with reference to the Wyanet high school and the Princeton high school, which were proven by the testimony of witnesses and concerning which there is no dispute.

It is admitted that both the Wyanet high school and the Princeton high school are recognized high schools, and that the four pupils whose tuition fee is in question resided in the Wyanet community high school district but lived in such places that it was somewhat more convenient for each of them to attend the Princeton high school, which they did actually attend. It was admitted that the tuition fee charged by the board of education of the Princeton high school of $75 per year for each pupil did not exceed the *per capita* cost of maintaining the high school attended. It is also admitted that each of the pupils whose tuition charge is involved in this case was an eighth grade graduate within the meaning of the above act. There are, therefore, no disputed facts in the case, and the only question involved is the constitutionality of section 96 of the School law of Illinois, as amended June 22, 1917, which is as follows:

"Sec. 96. Upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil: *Provided,* said tuition shall not exceed the *per capita* cost of maintaining the high school attended. Any eighth grade graduate residing in a non-high-school district may attend any recognized two, three or four-year high school, and his tuition shall be paid by the board of education of the non-high-school district in which he resides. An eighth grade graduate in the meaning of this act is any person of school age who gives satisfactory evidence of having completed the first eight grades of school work by presenting a certificate of promotion issued by the home school board, or by passing an examination given by the county superintendent of schools or by passing an examination given by the school attended. A recognized high school in the meaning of this act is any public high school providing a course of two or more years of work approved by the Superintendent of Public Instruction. The tuition paid shall in no case exceed the *per capita* cost of maintaining the high school attended, excluding therefrom interest paid on bonded indebtedness which shall be computed by dividing the total cost of conducting and maintaining said high school by the average number of pupils enrolled, including tuition pupils." (Smith's Stat. 1923, chap. 122, par. 104.)

The constitutionality of this section of the statute was considered by this court in *People* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384, and *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 id. 70, in the former of which cases we held that as against a taxpayer the act was not in contravention of the Federal constitution as being a taking of the property of a tax-payer without due process of law or as denying equal protection

of the law, and that it was not discriminatory.  In the latter case we held that sections 5 and 93 to 96, inclusive, of the act, were not subject to the objection that they permit two taxing bodies to exercise jurisdiction over the same territory for the same purpose.

The appellant contends that section 96 of the School law is unconstitutional and void because it deprives the school district in which the pupil resides, and its tax-payers, of property without due process of law.  While the taxes raised for high school purposes in the hands of boards of education are the private property of the boards of education as against third persons, and as against such persons the boards of education are clothed with all constitutional rights and privileges appertaining thereto, the high school is a part of our State system of public schools, and the board of education of a high school district is simply an agency of the State created by the legislature for the purpose of carrying out the mandate of the constitution directing the General Assembly to provide a thorough and efficient system of free schools, whereby all children of this State may receive a good common school education.  The board of education is not created in order to levy or collect taxes for the private benefit of the board, the tax-payer or the pupils residing in the district but to produce public funds for the purpose of providing a State-wide system of thorough and efficient free schools, and these taxes are public property in the hands of State agents for that purpose and are subject to the will of the legislature.  (*People* v. *Bartlett,* 304 Ill. 283.)  The act in question therefore did not deprive the school district of its property without due process of law.

Appellant contends that section 96 is unconstitutional because it delegates to the county superintendent of schools legislative power by permitting him to decide when it is more convenient for a pupil to attend one school than another without placing any bounds or limitations on the term

"more convenient." The School law has for many years provided for the transfer of pupils from the school of one district to that of another. The children of school age sustain no relation to the high schools of the State different from that which they sustain to any of the grades or other departments of the schools. All together constitute the system of free schools of the State. (*People* v. *Chicago and Northwestern Railway Co. supra.*) The legislature cannot deal with the details of every particular case, and the method or manner of executing a law must necessarily be left to the reasonable discretion of administrative officers. (*People* v. *Reynolds,* 5 Gilm. 1.) In *Mitchell* v. *Lowden,* 288 Ill. 327, in passing upon the constitutionality of the act providing for a State-wide system of hard roads, this court said: "It is true that many questions,—the material to be used, the width of the roadways, the character of the construction and the plans and specifications therefor, the terms and conditions of contracts, the acceptance or rejection of work done, and the numberless details in carrying out the provisions of the act,—are left to the determination of the department of public works and buildings, which is authorized and required to make all final decisions. The decision of such questions is ministerial. Legislative power is the power to enact laws or declare what the law shall be. (*People* v. *Roth,* 249 Ill. 532.) Judicial power is the power which adjudicates upon the rights of citizens and to that end construes and applies the law. (*Owners of Lands* v. *People,* 113 Ill. 296.) Assessors and boards of review in valuing property for taxation, clerks of courts and sheriffs in taking and approving bonds, city councils in granting or revoking licenses to keep dram-shops, superintendents of schools in granting or revoking teachers' certificates, boards of examiners in granting and revoking licenses to practice medicine or pharmacy, fish commissioners in granting permits to take fish for propagation at times and by means otherwise prohibited, all exercise discretion and judgment

in the performance of their duties, but they do not, while executing the law under which they act, make or declare, construe or apply any law, and the acts which, respectively, confer upon them the powers which they exercise do not delegate either legislative or judicial power." Convenience of a school for the attendance of its pupils is a material element tending to produce a thorough and efficient system of free schools. The power conferred upon the county superintendent of schools by section 96 is an administrative and not a judicial or legislative power, and the act does not violate the constitutional inhibition by conferring this power upon him.

It is contended by appellant that this act is a special law with respect to the management of common schools and therefore unconstitutional. This law applies uniformly to all pupils in the State similarly situated and so meets the constitutional requirements.

The judgment of the circuit court is affirmed.

*Judgment affirmed.*

---

(No. 16099.—Reversed and remanded.)
THE PEOPLE OF THE STATE OF ILLINOIS, Defendant in Error, *vs.* RUSSELL TRUE *et al.* Plaintiffs in Error.

*Opinion filed October 28, 1924.*