THE BOARD OF EDUCATION OF DRUMMER TOWNSHIP HIGH SCHOOL DISTRICT No. 118, Appellee, *vs.* THE BOARD OF EDUCATION OF SIBLEY COMMUNITY HIGH SCHOOL DISTRICT No. 115, Appellant.

*Opinion filed October 28, 1926.*

1. SCHOOLS—*section 96 of School law, providing for transfer of high school pupils, is valid and applies to eighth-grade graduates.* Section 96 of the School law, as amended in 1917, which provides for the transfer of pupils from one high school district to the high school of another district more convenient to them, is valid and expressly applies to eighth-grade graduates, and such graduates are high school pupils within the meaning of the act from the time they are enrolled and accepted as high school pupils.

2. SAME—*question of convenience of a high school under section 96 of School law is for superintendent of schools and not for the court.* Under section 96 of the School law the question whether a high school in another district is more convenient to certain pupils than that in the district where they reside is left to the determination of the county superintendent of schools as a ministerial officer, and his decision is valid and binding in the absence of fraud and is not subject to review by the courts in a collateral proceeding by one district to collect from the other the tuition for pupils attending its school.

3. SAME—*when a high school is "more convenient" under section 96 of School law.* In determining whether one high school is more convenient than another under section 96 of the School law, the county superintendent of schools is not limited to the consideration of the question whether such school is "nearer to" the resi-

dence of the pupils in question but other elements of convenience may be considered, as high schools are a part of the efficient school system provided in the constitution and the statute is intended to give every pupil of high school age, so far as possible, an equal opportunity for a high school education.

APPEAL from the Circuit Court of Ford county; the Hon. FRANK LINDLEY, Judge, presiding.

SCHNEIDER & SCHNEIDER, for appellant.

PHILLIPS & MIDDLETON, for appellee.

Mr. JUSTICE DUNCAN delivered the opinion of the court:

Appellee, the Board of Education of Drummer Township High School District No. 118 of Ford county, brought suit in assumpsit in the circuit court of Ford county against the Board of Education of Sibley Community High School District No. 115 of said county to recover tuition fees for the school year 1922-23, at the rate of $117.35 per pupil, for attendance at the said Drummer high school during that year of Hilda Vehrs, Francis Ashley, Clyde J. Ashley, Cora Ashley, Alfred Bunting, Blanche Smith, Helen L. Bratcher, Robert Elmer Stein, Lorine Johnson and William Vehrs, all of whom resided within the Sibley high school district and were eligible to attend the Sibley high school. The declaration consisted of one special count and the common counts consolidated. The special count charged that on August 4, 1922, appellee maintained a recognized public high school providing a course of four years of work approved by the Superintendent of Public Instruction of Illinois, which was located in Gibson City; that the board of education of Sibley high school district was on the same date operating and maintaining a public high school in the village of Sibley; that the above named pupils were eighth-grade graduates of lawful school age residing in the Sibley high

school district; that they obtained the permit and approval of the county superintendent of schools of Ford county to attend the Drummer high school, and that they were received and enrolled as pupils of appellee during the year aforesaid; that it was the duty of the board of education of Sibley high school district to pay the tuition of all of said pupils in a sum not to exceed the per capita cost of maintaining the Drummer high school, and though often requested has not paid the same, amounting to the sum of $1173.50. To this declaration Sibley community high school district filed pleas, setting up, first, that the Drummer high school was not more convenient for the pupils aforesaid to attend than the Sibley community high school; second, that several of the pupils aforesaid were not high school pupils of the Sibley community high school district either before or at the time they were accepted as students of Drummer township high school district; third, that section 96 of the School law of Illinois is unconstitutional and contrary to the provisions of the constitutions of the United States and of the State of Illinois. There was a trial before the court without a jury on issues formed on the pleas aforesaid. The court gave judgment in favor of appellee in the sum of $731.34 for the tuition of all of the pupils except Robert Elmer Stein, Alfred Bunting, Hilda Vehrs and William Vehrs, and denied judgment for the tuition of those pupils on the ground that they lived nearer to the high school in their own district than to the school of appellee. The board of education of the Sibley community high school district prosecutes this appeal, and the appellee has assigned cross-errors on the record.

The undisputed facts are that both parties were operating and maintaining high schools during the school year aforesaid; that all of the pupils aforesaid except Robert Elmer Stein had completed the first eight years of school work and were entitled to enter high school; that Robert

Elmer Stein had attended the school of appellee during the previous year; that each and all of the pupils obtained the approval of the county superintendent of schools of Ford county for their attendance as pupils of appellee for the year aforesaid, and that the per capita cost of maintaining appellee's high school for the year aforesaid was $121.89. Appellant admits that the facts show that Lorine Johnson, Helen L. Bratcher and Blanche Smith resided nearer to appellee's school than to appellant's school. There is a dispute as to whether or not the other pupils resided nearer the school of appellee. There is considerable evidence in the record as to the relative distances from the residences of these pupils to the schools of appellant and appellee, but in our view of the case it is not necessary to discuss that evidence or to pass judgment on the question of which school was nearer or more convenient for those students, as the question of convenience is a question for the determination of the county superintendent of schools and not one for the determination of the lower court or of this court.

Section 96 of the School law as amended in 1917 and in force during the year in question is found on page 743 of the laws of Illinois, 1917, and is quoted in the case of *Board of Education* v. *Board of Education,* 314 Ill. 83. The validity of that section was settled by this court in the cases of *People* v. *Chicago and Northwestern Railway Co.* 286 Ill. 384, *People* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 288 id. 70, *Board of Education* v. *Board of Education, supra,* and *Weatherford* v. *School Directors,* 317 Ill. 495, and the contention of appellant that that section is void is fully answered in those cases.

Another contention of appellant is that all of the pupils who attended appellee's school were not high school pupils within the meaning of the act, except Robert Elmer Stein, because they were only eighth-grade graduates, and be-

fore they could become high school pupils they must have attended a high school. This contention is answered by said section 96 itself, which provides that an eighth-grade graduate, in the meaning of the act, is any person of school age who gives satisfactory evidence of having completed the first eight grades of school work by presenting a certificate of promotion issued by the home school board, or by passing an examination given by the county superintendent of schools, or by passing an examination given by the school attended. Such a pupil becomes a high school pupil the moment that he is entered as a pupil in any high school, and thenceforward is in no sense a pupil in a graded school. The act itself provides that any eighth-grade graduate residing in a non-high school district may attend any recognized two, three or four-year high school, and his tuition shall be paid by the board of education of the non-high school district in which he resides. The act further provides that on the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides, and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil. The whole act indicates clearly that it is the intention of the legislature that any eighth-grade graduate may attend as a high school pupil the high school that is more convenient to him than the other high schools of the State, and that his own school district, whether a high school district or a non-high school district, shall pay his tuition as such high school pupil, and that an eighth-grade graduate is such a high school pupil, within the meaning of the act, from the time he becomes enrolled and accepted as a high school pupil. It would be unreasonable to hold that he must enter some other high school as a high school pupil, at which school he did not intend to attend as such high school pupil, before he became enrolled as a high school pupil in the school which he in-

tended to attend, after having been approved as such high school pupil and given the privilege to attend such latter high school as the school more convenient to him.

The circuit court heard evidence on the question of whether or not appellee's school was more convenient to the pupils than appellant's school, and construed the words "more convenient" to mean "nearer to," and then held that appellee could only recover the tuition of such of said pupils as were actually nearer to appellee's school than to appellant's school, and gave judgment accordingly. The statute aforesaid designates the county superintendent of schools as the party whose duty it is to determine the question of convenience and as the one to say what high school is more convenient to such high school pupils. The statute made him a ministerial officer for that very purpose, and his decision as such ministerial officer is valid and binding and cannot legally be disturbed in a collateral proceeding by any court in the absence of any showing of fraud. The circuit court should therefore not have concerned itself with the question of whether or not appellee's school was more convenient for such pupils than that of appellant's, as there was absolutely no claim of fraud in the obtaining or in the making of the ministerial officer's decision.

We think it is also error to construe the words of the statute "more convenient" to mean "nearer to." The ministerial officer aforesaid may find many reasons for correctly deciding that a high school is more convenient to a pupil than his own school although his own high school may be very much nearer to his residence. This might be so because of the character and condition of the roads leading to the respective schools from his home. It might be so in a case where he was so far away from either school as to necessitate his boarding at or near the school he should attend, and by reason of the further fact that he was unable to pay or have paid his board and had a near relative at one school who was ready and willing

to furnish him board free of cost in order that he might have the benefit of a high school education, and that he did not have such a relative so accommodating to him in his own school district. It is the intention of the legislature that all pupils in this State shall have the opportunity of a high school education, and when for any reason a pupil is inconvenienced by including him in a non-high school district or in a high school district, it is his privilege to attend the high school that is more convenient to him when he has obtained the proper authority therefor, and there is no provision in our constitution that gainsays the right of the legislature to give the pupils of this State that privilege. On the other hand, the constitution, in section 1 of article 8 thereof, specifically provides that our legislature shall provide a thorough and efficient system of free schools whereby all children of this State may receive a good common school education, and the high schools of this State are a part of that efficient system. We have heretofore held in *Board of Education* v. *Board of Education, supra,* that it is not within the province of the courts to determine the question of what high school is the more convenient for high school pupils to attend, and there are many decisions to the effect that such a question is properly left by the legislature to the decision of a ministerial officer. *United States* v. *Arredondo,* 6 Pet. 691; *People* v. *Apfelbaum,* 251 Ill. 18; *Spiegler* v. *City of Chicago,* 216 id. 114.

The cross-errors assigned by appellee are sustained and the judgment of the circuit court is reversed and the cause remanded, with directions to enter judgment for appellee for the full amount of the tuition for all of the pupils aforesaid at the per capita cost for their attendance in the district of appellee as shown by the evidence.

*Reversed and remanded, with directions.*