**School Directors of District No. 3, County of Clay, Illinois, Appellant, v. Leo P. Babcock et al., Appellees.**

Opinion filed June 1, 1928.

JAMES H. SMITH, for appellant.

JOHN A. MACNEIL, for appellees.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This is a bill in chancery filed by appellant in the court below seeking to restrain the Board of Education of the nonhigh school district of Clay county from paying to Harter-Stanford Township High School District No. 99, of said Clay county, tuition for six pupils for the school year of 1927–1928 on account of said pupils' attendance at said Harter-Stanford Township High School.

Demurrers were filed by all of the defendants to the bill, as amended, which were sustained by the trial court, and, the complainant electing to stand by its bill, the same was dismissed for want of equity, to which ruling the complainant excepted and this appeal is prosecuted.

The bill alleges that "District No. 3" embraces the territory within the limits of the village of Xenia;

that the defendant, "District No. 99," includes the city of Flora and land adjacent thereto, and is organized as a community high school, and is the only high school district in Clay county; that the remainder of Clay county is nonhigh school territory; that "District No. 3" maintains a three-year high school, being duly credited by the State Superintendent of Public Instruction; that it is about nine miles from the schoolhouse of "District No. 2" in the village of Xenia to the school building of "District No. 99" in the city of Flora.

The bill further alleges that, under the provisions of section 96 of the School Law, as amended, Cahill's St. ch. 122, ¶ 104, and in force July 7, 1927 (Session Laws 1927, page 806), if a recognized two or three-year high school is conducted in a township located in a nonhigh school district, any eighth grade graduate residing in such township, upon the approval of the county superintendent of schools, may attend a recognized high school *"more convenient"* in some district other than the township in which he resides, and his tuition shall be paid by the board of education of the nonhigh school district in which he resides.

The bill further alleges that six pupils, named in the bill, reside in complainant's "District No. 3," within four blocks of the schoolhouse; that, in going from their homes to the Flora school in "District No. 99," they pass by complainant's school, cross two railroads, and then, by way of concrete road, travel for about nine miles before reaching the Flora school; that the Flora school is not more convenient, or better adapted or more appropriate to the ease or comfort of the said pupils; that, prior to the beginning of the school year of 1927–1928, the said pupils represented to Leo P. Babcock, county superintendent of schools, that they desired to pursue studies not taught in "School District No. 3," and the said county superintendent granted to said pupils a *certificate* of *convenience* and

his *approval* for them to leave the complainant's school and attend the defendant's school at Flora; that the county superintendent's action in approving and granting such transfer of pupils was illegal, and constituted a fraud and was an abuse of his official discretion; that it was not based upon any condition of convenience of any one of said pupils; that, if the nonhigh school district is permitted to pay to the defendant "District No. 99" the tuition of said pupils, the complainant "District No. 3" will suffer irreparable damages and injury.

The bill prayed that said pretended consent and approval of the county superintendent be declared null and void.

This case involves the construction of section 96, Cahill's St. ch. 122, ¶ 104, of "An Act to establish and maintain a system of Free Schools," as amended by Act approved July 7, 1927 (Session Laws 1927, page 806), which reads as follows:

"§ 96. Upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides, and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil, *provided,* said tuition shall not exceed the per capita cost of maintaining the high school attended. If a recognized two or three year high school is conducted in a township located in a nonhigh school district, any eighth grade graduate residing in such township, upon the approval of the county superintendent of schools, may attend a recognized high school *more convenient* in some district other than the township in which he resides and his tuition shall be paid by the board of education of the non-high school district in which he resides. If no recognized two or three year high school is conducted in a township located in a non-high school district, then any eighth

grade graduate residing in such township may attend any recognized two, three or four year high school, and his tuition shall be paid by the board of education of the non-high school district in which he resides.

"An eighth grade graduate in the meaning of this Act is any person of school age who gives satisfactory evidence of having completed the first eight grades of school work by presenting a certificate of promotion issued by the home school board, or by passing an examination given by the county superintendent of schools or by passing an examination given by the school attended.

"A recognized high school in the meaning of this Act is any public high school providing a course of two or more years of work approved by the Superintendent of Public Instruction.

"The tuition paid shall in no case exceed the per capita cost of maintaining the high school attended, excluding therefrom interest paid on bonded indebtedness, which shall be computed by dividing the total cost of conducting and maintaining said high school by the average number of pupils enrolled, including tuition pupils.

"Approved July 7, 1927." (Session Laws 1927, p. 806; Smith-Hurd, p. 2319.)

Counsel for appellant contends that the proper construction to be given the said section 96 is that pupils residing in a township, having completed their eighth grade work, shall be compelled to attend such high school as is located in their home township, unless, by reason of physical location of their respective homes, it is *nearer* for them to attend a high school in an adjacent township, in which event the county superintendent of schools may grant a certificate of convenience to such pupil for attendance out of his home township.

Prior to the passage of the Amendment of 1927, under the law as it formerly existed, a pupil residing in a *high school* district, and desiring to attend another was required to have the approval of the county superintendent of schools. But a pupil residing in a *non-high school* district was not required to have such approval, with the result that any such pupil residing in a nonhigh school district could attend anywhere in the State a recognized high school, and the nonhigh school district, where the pupil resided, became chargeable with his tuition. Apparently to remedy this situation the present amendment was enacted, which provides that a pupil residing in a nonhigh school district is under the same restriction and subject to obtaining the approval of the county superintendent, as is required of a pupil in a high school district seeking to be transferred to another district.

The proper construction of the words ''more convenient'' and the extent of the county superintendent's authority were passed upon by the Supreme Court in construing section 96, as it existed prior to the present amendment, and in the case of *Board of Education of Drummer Tp. High School Dist. No. 118 v. Board of Education of Sibley Community High School Dist. No. 115,* 323 Ill. 152, on pages 157 and 158, it was said:

''The circuit court heard evidence on the question of whether or not appellee's school was more convenient to the pupils than appellant's school, and construed the words 'more convenient' to mean 'nearer to,' and then held that appellee could only recover the tuition of such of said pupils as were actually nearer to appellee's school than to appellant's school, and gave judgment accordingly. The statute aforesaid designates the county superintendent of schools as the party whose duty it is to determine the question of convenience and as the one to say what high school is more convenient to such high school pupils. The statute made him a ministerial officer for that very

purpose, and his decision as such ministerial officer is valid and binding and cannot legally be disturbed in a collateral proceeding by any court in the absence of any showing of fraud. The circuit court should therefore not have concerned itself with the question of whether or not appellee's school was more convenient for such pupils than that of appellant's, as there was absolutely no claim of fraud in the obtaining or in the making of the ministerial officer's decision.

"We think it is also error to construe the words of the statute 'more convenient' to mean 'nearer to.' The ministerial officer aforesaid may find many reasons for correctly deciding that a high school is more convenient to a pupil than his own school although his own high school may be very much nearer to his residence.

"It is the intention of the legislature that all pupils in this State shall have the opportunity of a high school education, and when for any reason a pupil is inconvenienced by including him in a non-high school district or in a high school district, it is his privilege to attend the high school that is more convenient to him when he has obtained the proper authority therefor, and there is no provision in our constitution that gainsays the right of the legislature to give the pupils of this State that privilege."

To the same effect are the decisions in *Board of Education of Princeton High School Dist. No. 500 v. Board of Education of Wyanet Community High School Dist. No. 510,* 314 Ill. 83, and *Proviso Tp. High School No. 209 v. Oak Park and River Forest Tp. High School Dist. No. 200,* 322 Ill. 217.

In view of these decisions, we are of the opinion that, under the allegations of the bill in the case at bar, it is not within the province of the courts to determine what high school is the more convenient for the pupils of "District No. 3" to attend, but this discretion has been placed by the legislature in the county

superintendent. If, as alleged in the bill, the county superintendent gave his approval to the transfer of the pupils, because of their desire to pursue certain studies not taught by their home school, this would, in effect, be exercising the discretion invested in him by the legislature to determine those things that might facilitate their convenience to obtain promptly and expeditiously a thorough and efficient schooling.

The statute provides that the tuition of an eighth grade pupil, who resides in a nonhigh school district, and who attends any recognized high school, must be paid by the board of education of the nonhigh school district in which he resides; and the directors of the common school district, where the pupil resides, are not liable for the tuition. (*Weatherford v. School Directors of Dist. No. 7,* 317 Ill. 495.)

While it is true that appellant may maintain a three-year high school, yet the expense thereof is borne and paid for by the nonhigh school, and, whether there are ten or twenty pupils, it would not change appellant's financial obligations so far as its taxes as a common-school district are concerned.

The bill charges that the county superintendent fraudulently granted his certificate of convenience for the transfer of pupils from "District No. 3" to "District No. 99." It is evident that this charge is made upon the apparent theory that the county superintendent had no legal right to exercise his discretion, except in compliance with a strained and narrow construction of what is meant by the words "more convenient" as used in the statute. There are no facts pleaded from which the logical conclusion can be drawn that he acted otherwise than in the exercise of an honest and conscientious opinion. We are of the opinion that the bill fails to state any facts which show, fraud, collusion or oppression, and, under such circumstances, where public officials are invested with discretionary powers, a court of equity will not in-

terfere to control or review the exercise of the power. (*School Trustees v. School Directors of Dist No. 2,* 190 Ill. 390, 393.)

The decree of the court is accordingly affirmed for the reasons above set forth.

*Decree affirmed.*