Ulys Pyle, Appellant, v. Harry E. Puntney, County Superintendent of Schools of White County, Illinois, Appellee.

ULYS PYLE, *pro se.*

JAMES M. ENDICOTT, State's Attorney, for appellee.

MR. JUSTICE NEWHALL delivered the opinion of the court.

This was a petition for a writ of mandamus filed in the circuit court of White county by appellant against appellee, Harry E. Puntney, superintendent of schools of White county, to compel appellee to approve the attendance of John W. Pyle, son of appellant, at the Carmi Township High School in accordance with the provisions of section 96, Cahill's St., ch. 122, ¶ 104, of "An Act to establish and maintain a system of free schools," as amended by an act approved July 7, 1927 (Session Laws 1927, page 806).

A general demurrer was filed by appellee to the petition, which demurrer was sustained by the trial court and appellant refusing to plead further his petition was dismissed and judgment was rendered against him for costs, and from this action of the court this appeal is prosecuted.

Appellant as petitioner in the court below alleged that he was a resident of White county; that for the past six months he had been a resident of the Norris City Township High School District; that petitioner is married and has a son named John W. Pyle in the

second year of high school and who is now attending the Carmi Township High School; that petitioner for many years has been an attorney at law engaged in the practice of law in the City of Carmi in said county, during which time he maintained his law office in said City of Carmi; that prior to his making his residence in said Norris City Township High School District he resided in said City of Carmi and his children, including said John W. Pyle, attended the public schools of said city and said Carmi Township High School; that in the summer of the year 1928 petitioner erected a residence in said Norris City Township High School District where he has since resided with his family; that said residence is located along State Route No. 1 and is about seven and one-half miles from the City of Carmi; that your petitioner drives to and from his law office in Carmi daily; that the Carmi school is located along said Route No. 1 and that your petitioner passes the same daily in driving to his said office; that your petitioner owns only one automobile which he uses in driving to and from his said office; that it is between four and five miles from petitioner's residence to the Norris City Township High School which is at Norris City and in the opposite direction from Carmi; that your petitioner has no means of conveyance for his said son to attend said Norris City school; that petitioner in his daily trips to his law office can bring his said son to and from the said Carmi school and that it is much more convenient for his said son to attend said Carmi Township High School than the said Norris City school; that said Carmi school is a recognized high school; that prior to the opening of said Carmi school in the fall of 1928 petitioner made known to the appellee the facts set forth in said petition and explained to him that it was more convenient for his said son to attend said Carmi school than said Norris City school and requested of the appellee as county super-

intendent to approve the attendance of his son at said Carmi Township High School as provided by law; that said county superintendent, though not denying but admitting it was more convenient that said John W. Pyle attend said Carmi Township High School than said Norris City Township High School, refused to approve such attendance, and still refuses though often requested so to do; that said county superintendent gave as his reason for such refusal that it would injure the Norris City Township High School if it had to pay the tuition for said pupil and probably would be the cause of other high school pupils in the county requesting the approval of transfer; that said John W. Pyle was under the age of 15 years and not legally qualified to drive an automobile; that the refusal of said county superintendent to approve the attendance was arbitrary and unjust and was not a proper exercise of his duty in the premises and injurious to petitioner in that if he does not approve the same your petitioner will be compelled to pay the said Carmi Township High School the tuition for said pupil.

Section 96, Cahill's St. ch. 122, ¶ 104, of "An Act to establish and maintain a system of free schools," as amended by an act approved July 7, 1927 (Session Laws 1927, page 806), among other things provides as follows: "Upon the approval of the county superintendent of schools any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the board of education of the high school district in which said pupil resides shall pay the tuition of such pupil, *provided,* said tuition shall not exceed the per capita cost of maintaining the high school attended."

Appellant contends that the facts alleged in his petition, which are admitted by the demurrer, show that it is "more convenient" for appellant's son to attend the

Carmi school than the Norris school; that appellee did not deny such contention but expressly admitted same and based his refusal for approval upon other grounds not warranted by the provisions of the statute.

The petition alleges that appellee refused to give his consent for transfer for the reason that it would injure the Norris school if it were compelled to pay the tuition of said pupil and probably would be the cause of other pupils requesting approval of transfer.

On the part of appellee it is contended that the courts will not interfere with the discretion which has been placed upon the county superintendent by the legislature in determining whether or not he will give or withhold his approval of the transfer of a pupil from one high school district to another.

In *Board of Education of Drummer Tp. High School Dist. No. 118 v. Board of Education of Sibley Community High School Dist. No. 115,* 323 Ill. 152, the court held, with reference to said section 96, as follows (p. 157): "The statute aforesaid designates the county superintendent of schools as the party whose duty it is to determine the question of convenience and as the one to say what high school is more convenient to such high school pupils. The statute made him a ministerial officer for that very purpose, and his decision as such ministerial officer is valid and binding and cannot legally be disturbed in a collateral proceeding by any court in the absence of any showing of fraud. . . . We think it is also error to construe the words of the statute 'more convenient' to mean 'nearer to.' The ministerial officer aforesaid may find many reasons for correctly deciding that a high school is more convenient to a pupil than his own school although his own high school may be very much nearer to his residence. This might be so because of the character and condition of the roads leading to the respective schools from his home. It might be so in a case where he was so far

away from either school as to necessitate his boarding at or near the school he should attend, and by reason of the further fact that he was unable to pay or have paid his board and had a near relative at one school who was ready and willing to furnish him board free of cost in order that he might have the benefit of a high school education, and that he did not have such a relative so accommodating to him in his own school district. It is the intention of the legislature that all pupils in this State shall have the opportunity of a high school education, and when for any reason a pupil is inconvenienced by including him in a non-high school district or in a high school district, it is his privilege to attend the high school that is more convenient to him when he has obtained the proper authority therefor, and there is no provision in our constitution that gainsays the right of the legislature to give the pupils of this State that privilege.''

In *Board of Education of Princeton High School Dist. No. 500 v. Board of Education of Wyanet Community High School Dist. No. 510,* 314 Ill. 83, it was held (p. 89): ''Convenience of a school for the attendance of its pupils is a material element tending to produce a thorough and efficient system of free schools. The power conferred upon the county superintendent of schools by section 96 is an administrative and not a judicial or legislative power, and the act does not violate the constitutional inhibition by conferring this power upon him.''

As a general rule the courts will not review in a collateral proceeding the facts upon which a ministerial officer is called upon to decide in his official capacity in the absence of a showing of fraud, collusion or oppression. *School Directors of Dist. No. 3 v. Babcock,* 249 Ill. App. 305.

In *VanDorn v. Anderson,* 219 Ill. 32, it was held (p. 36): ''Undoubtedly, it is the general rule that the

writ of mandamus will not lie to compel the performance of acts or duties, which necessarily call for the exercise of judgment and discretion on the part of the officer or body, at whose hands their performance is required. (*People ex rel v. Illinois State Board of Dental Examiners*, 110 Ill. 180; *Illinois State Board of Dental Examiners v. People*, 123 id. 227.) But a writ of mandamus will issue to command the performance of an official act in a proper manner when such act is in its nature ministerial, and not judicial. (*Graham v. People*, 111 Ill. 253; *People v. Mayor of Alton*, 179 id. 615.)''

In the *VanDorn* case there was involved the question of compelling a county superintendent to issue a teacher's certificate where the superintendent had decided that the applicant teacher possessed the necessary qualifications for teaching but the superintendent arbitrarily refused to issue the certificate and the court held that after the county superintendent had decided that the teacher possessed the necessary qualifications the issuing of the certificate was merely a ministerial act which could be required to be performed by the writ of mandamus. In *Illinois State Board of Dental Examiners v. People ex rel. Cooper*, 123 Ill. 227, it was held that the State Board of Dental Examiners, on the application of a graduate from a dental college for a license, has no discretion as to any other matter than the character of the college issuing the diploma, as to its being reputable or not; that when they have decided that such college is reputable their judicial or discretionary power is exhausted and the duty to issue the license becomes a ministerial one, and its performance may be enforced by mandamus. In *People ex rel. Kincaid v. School Directors of Dist. No. 8*, 267 Ill. 172, there was involved the right of the court to issue a writ of mandamus against school directors to compel the directors to approve the transfer of certain pupils

from one school district to another. This case involved the construction of the School Act of 1913 providing for the transfer of pupils to a high school when there is no high school in the district in which they reside, and the court said (p. 180): "It is further contended by appellants that under the law in question school directors of the district from which such transfer is made have the right to select the high school district to which such pupils shall be transferred. That portion of the law is as follows: 'The parent, or guardian, shall select the high school to be attended, subject to the approval of the school directors of the home district.' It is contended by appellants in this case that in the exercise of their right they selected a different high school to which such transfer should be made from the one selected by the relator, as parent of the children desired to be transferred. This portion of the law is subject to a reasonable construction. Parents and school directors of the district from which the transfer is sought are supposed to work in harmony in the matter of transfers, and it is not the intent or purpose of the law to allow either to make an arbitrary selection of the high school to be attended. If the respondents, as directors of the home district, could show any valid reason why the transfer should not be made to the school selected by the parent or could show any reason why the transfer should be made to the school selected by them, such reason should be considered and passed upon by the court on its merits. Such selection should not be arbitrary in either case."

In *Cook v. Board of Directors of School Dist. No. 80,* 266 Ill. 164, the court had under consideration a petition for writ of mandamus to compel the school board to comply with the provisions of the School Act of 1913 in regard to high school privileges for graduates of the eighth grade and to transfer pupils who had finished the eighth grade in said school district to the

high school. The case involved the constitutionality of the act of 1913 relating to the transfer of pupils above the eighth grade to a high school. A demurrer was filed to the petition which was sustained by the circuit court and petition dismissed and the appeal brought direct to the Supreme Court on the ground that the constitutionality of the statute was involved. The court held the act valid, and with reference to the power of the court to issue mandamus it was said: "It is suggested that the assent of the board of directors to the transfer of pupils to a high school involves the exercise of discretionary power, which will not be controlled by mandamus. The petition avers and the demurrer admits that there are unappropriated funds in the district which may properly be applied to the payment of the tuition of relator's children in the high school. It is further averred and admitted that the board of directors of the resident district withheld its assent to such transfer and declined to make any provision for the transfer of the relator's children to the high school, and that no reason is assigned for such refusal. If any sufficient legal reason exists for the action of the board of directors it may be set up by way of defense, and the court will then determine whether the board of directors has any legal justification for withholding its assent to this transfer. To hold that a board of directors could arbitrarily and without any reason refuse to assent to the transfer of pupils to a high school would place it within the power of any board of directors to nullify the will of the legislature. Manifestly, such was never contemplated when the law was passed. The duties devolving upon the board of directors under this law must be held to be mandatory,—at least to the extent that the board may not capriciously refuse to perform them."

It being alleged in the petition and admitted by the demurrer that the county superintendent, in the exer-

cise of his discretion, found and determined, and so declared that it was more convenient for appellant's son to attend the Carmi school, but refused to grant his approval on the ground that it would injure the Norris City Township High School if it had to pay the tuition for said pupil and would probably be the cause of other high school pupils in the county requesting approval of transfer, is not sufficient legal cause to deny appellant's son the privilege of attending the Carmi school. In *Proviso Tp. High School No. 209 v. Oak Park, etc., Dist. No. 200*, 322 Ill. 217, it was held (p. 219): "Taxes are not levied by a board of education for the private benefit of the board, the tax-payers or the pupils of the district, but to provide public funds for the purpose of establishing and maintaining a system of free schools, and these taxes are public property in the hands of the agents of the State for that purpose and are subject to the will of the General Assembly."

After, as alleged in the petition for mandamus and admitted by the demurrer, the county superintendent had decided that it was more convenient for appellant's son to attend the Carmi school, then upon coming to such decision the county superintendent's discretionary power was exhausted and his duty to give his approval then became a mere ministerial act, the performance of which in a proper case could be enforced by mandamus.

The judgment of the circuit court of White county is reversed and the cause remanded to that court, with directions to overrule the demurrer and to permit appellee, if he shall be so advised, to plead to or answer the petition.

*Reversed and remanded with directions.*