The People of the State of Illinois ex rel. Omer C. Bader, Appellee, v. John J. Hallihan, Appellant.

Gen. No. 38,182.

Opinion filed February 19, 1936.

OTTO KERNER, Attorney General, for appellant; EARL B. DICKERSON, Assistant Attorney General, of counsel.

RAPHAEL W. MARROW and JAMES A. DALEY, both of Chicago, for appellee.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

On December 28, 1934, the superior court of Cook county entered a judgment against John J. Hallihan, director of the Department of Registration and Education of the State of Illinois, and directed that a peremptory writ of mandamus issue against said defendant and in favor of Omer C. Bader, and commanding said Hallihan to proceed to examine or cause to be examined the plaintiff, Omer C. Bader, in medica, therapeutics, obstetrics, surgery and theory and practice, pursuant to section 12 of the Medical Practice Act of the State of Illinois, Ill. State Bar Stats. 1935, ch. 91, ¶ 12, and that if the said plaintiff shall successfully pass said examination, to issue to the plaintiff a license authorizing him to engage in the general practice of medicine and surgery in all their branches in the State of Illinois.

In the petition filed by the plaintiff, it is alleged that plaintiff was a resident of Cook county and of good moral character and that on December 28, 1921, was duly licensed to treat human ailments without the use of drugs and medicines and without operative surgery and has continuously engaged in the City of Chicago in the practice of such treatment, as authorized by such license; that on December 19, 1931, he successfully completed proper courses of instruction in liberal arts for a period of two years in materia medica, therapeutics, obstetrics, surgery, and theory and practice, in a medical college or professional school, college or institution teaching liberal arts and also a system or method of treating human ailments, reputable and in good standing in the judgment of the Department of Registration and Education, to wit: Illinois College of

Physicians and Surgeons, as required by section 12 of the Medical Practice Act of the State of Illinois; that on December 31, 1932, he completed a course of training of 12 months in a hospital reputable and in good standing in the judgment of the said department, to wit: Jefferson Park Hospital.

In the alternative plaintiff states that if the Illinois College of Physicians and Surgeons and Jefferson Park Hospital were not or either of them was not reputable and in good standing in the judgment of said department, section 12 of the Medical Practice Act is invalid and void and contrary to Article III of the Constitution of the State of Illinois in so far as the same attempts to grant to said department legislative powers and duties and to authorize said department to determine the reputation and good standing of said college, institution and hospital without defining in said statute what should constitute such requirements and also, in that said portion of said section purports to confer upon said department arbitrary and discriminatory powers, and said portion of said section is also contrary to the 14th Amendment to the Constitution of the United States in that said portion of section 12 is arbitrary and discriminatory and deprives plaintiff of property without due course of law and denies to plaintiff the equal protection of the laws of the State of Illinois.

Plaintiff further avers in the alternative that if section 12 of said act be held valid the acts and conduct of defendant in construing and operating under said section were and are arbitrary and contrary to Article III of the Constitution of the State of Illinois and also the 14th Amendment to the Constitution of the United States in that said Illinois College of Physicians and Surgeons and said Jefferson Park Hospital were reputable and in good standing and fully qualified to instruct plaintiff in said course of liberal arts and for

the general practice of medicine and surgery and which were equal in all respects to other colleges, institutions and hospitals for said instruction and the failure or refusal of defendant to recognize them as reputable and in good standing was and is arbitrary and discriminatory and not founded upon any reasonable basis; that plaintiff applied to defendant to be examined pursuant to section 12 of the Medical Practice Act and paid to defendant the fee therefor and has fully complied with all requirements of the law necessary to qualify him to take such examination, but the defendant without just cause or reason arbitrarily refused to examine plaintiff or admit plaintiff to such examination. Plaintiff therefore prays that a writ of mandamus issue directing defendant either (1) to proceed to examine plaintiff pursuant to section 12 of the Medical Practice Act and to issue a license to plaintiff authorizing him to engage in the general practice of medicine and surgery; or (2) to issue to plaintiff a license authorizing him to engage in the general practice of medicine and surgery in all their branches.

In the answer defendant stated in substance that the writ of mandamus should not issue because (1) plaintiff did not successfully complete proper courses of instruction of liberal arts for a period of two years and in materia medica, therapeutics, obstetrics, surgery, and theory and practice, in a medical college or professional school in good standing in the judgment of the Department of Registration and Education, to wit: Illinois College of Physicians and Surgeons; (2) that the Illinois College of Physicians and Surgeons from which plaintiff was graduated is not and was not reputable and in good standing in the judgment of the Department of Registration and Education; that on August 15, 1932, after a full hearing before the Medical Committee, the Department of Registration and Education denied the application of the Illinois College of

Physicians and Surgeons as an approved medical school; (3) that the plaintiff did not on December 31, 1932, complete a course of training of 12 months in a hospital reputable and in good standing in the judgment of the department, but that the Jefferson Park Hospital, where plaintiff took his interneship was not and is not on the list of hospitals approved for interneship by the Department of Registration and Education and is not and was not reputable and in good standing in the judgment of the Department of Registration and Education; (4) that plaintiff did not duly apply to the defendant to be examined pursuant to section 12 of the Medical Practice Act, in that plaintiff attended a medical school which was not in the judgment of the department a reputable medical school or college and took his interneship at the Jefferson Park Hospital which was not reputable and in good standing in the judgment of the department; (5) that the defendant did not without just cause or reason arbitrarily refuse to examine the plaintiff, but that plaintiff failed to comply with the requirements of section 12 of the Medical Practice Act before making application to take the examination.

The section of the statute which controls the actions of the plaintiff and defendant is paragraph 12, section 12 of the Medical Practice Act, Ill. State Bar Stats. 1935, ch. 91, which reads as follows:

"Any person licensed under the provisions of this Act to practice, any system or method of treating human ailments without the use of drugs or medicines and without operative surgery shall be permitted to take the examination in materia medica, therapeutics, surgery, obstetrics, theory and practice and shall receive a license to practice medicine in all of its branches if he shall successfully pass such examination, upon proof of having successfully completed in a medical college or in any professional school, college or insti-

tution teaching any system or method of treating human ailments, reputable and in good standing in the judgment of the department, courses of instruction in materia medica, therapeutics, surgery, obstetrics, and theory and practice deemed by the department to be equal to the courses of instruction required in those subjects for admission to the examination for a license to practice medicine in all of its branches, together with proof of having completed (a) the two years' course of instruction in a college of liberal arts, or its equivalent, described in section 5 of this Act, and (b) a course of training of not less than twelve months in a hospital reputable and in good standing in the judgment of the department.''

The dispute between the plaintiff and the defendant appears to be whether or not the Illinois College of Physicians and Surgeons and the Jefferson Park Hospital, in which the plaintiff took his course of study and served his interneship respectively, are or should be in the opinion of the Department of Registration and Education in good standing. The evidence shows that the Department of Registration and Education had decided that the college and hospital respectively, were not, in their opinion, in good standing so as to qualify the plaintiff and make him eligible to take the examination for a license to practice medicine and surgery in the State of Illinois.

By section 12 of the Medical Practice Act, heretofore referred to, it will be seen that there is lodged in the Board of the Department of Registration and Education a discretionary power to determine whether the applicant has complied with the statute. Evidence was introduced by the testimony of several doctors showing that, in their opinion, both the medical college and the hospital were reputable. It is not the province of either the witnesses or of this court to determine in this proceeding the qualifications of the college or hos-

pital as the statutes provide that the Department of Registration and Education shall decide that question.

There was no evidence introduced showing lack of good faith on the part of the defendant, prejudice or fraud, or that defendant was doing other than giving his best judgment when deciding the question under the power conferred upon him by the statute. We do not think that the mere fact that he decided adversely to the plaintiff at the time plaintiff made his application, is proof that his action was arbitrary.

Defendant in support of his case offered a stipulated exhibit which contained the petition of the Illinois College of Physicians and Surgeons to Department of Registration and Education of the State of Illinois for recognition as a medical school, reputable and in good standing, dated January 4, 1932. On the petition appeared the name of the relator herein as a member of the board of governors of the said Illinois College of Physicians and Surgeons and a transcript of the evidence offered at the hearing and the report and finding and recommendation of the medical committee to M. F. Walsh, director of the Department of Registration and Education, dated August 15, 1932, wherein the committee respectfully recommends that the application of the Illinois College of Physicians and Surgeons for recognition as an approved medical college be denied. The report is signed by the members of the medical committee.

Said exhibit further contained the order of M. F. Walsh, director of Registration and Education adopting the findings and recommendations of said medical committee and denying the application of the Illinois College of Physicians and Surgeons for recognition as an approved medical college and also the certificate of M. F. Walsh, director of Registration and Education dated September 28, 1932, certifying that the proceedings as set forth in the transcript of evidence were

had before the Department of Registration and Education of the State of Illinois on the petition for recognition of the Illinois College of Physicians and Surgeons as an approved medical college.

It will readily be seen from the facts before us that this court must first decide whether the Illinois College of Physicians and Surgeons is in good standing before we can determine whether the plaintiff was wrongfully and arbitrarily refused the opportunity of taking the examination.

The plaintiff's argument appears to be based upon the theory that if the Department of Registration and Education did not find the Illinois College of Physicians and Surgeons and the Jefferson Park Hospital reputable and in good standing, such finding was due to arbitrary and discriminatory action on the part of said Department of Registration and Education. It must necessarily follow then that in order to owe the duty to the plaintiff, to permit him to take the examination alleged in the petition for mandamus, said department must first find that in its opinion the Illinois College of Physicians and Surgeons and the Jefferson Park Hospital are reputable and in good standing.

Mandamus is an extraordinary remedy, and one petitioning for such writ must show a clear and undoubted right to the relief demanded. *Illinois Watch Case Co. v. Pearson*, 140 Ill. 423. Mandamus is not a proper remedy if the petitioner must first establish the duty of the officers sought to be coerced. *People v. Dixon*, 346 Ill. 454.

It appears from the evidence before us that the reputability and good standing of the Illinois College of Physicians and Surgeons and the Jefferson Park Hospital have, after a full hearing, been passed upon. Where an officer, in the exercise of discretionary power, has considered and determined his course of action he

has exercised his discretion and decided the matter and his action is not subject to review or control by mandamus. *People v. Reddick,* 181 Ill. 334; *People v. Henry,* 236 Ill. 124. Surely the exercise of this discretionary power, when once used, could not be disturbed in a collateral proceeding such as this. *Van Dorn v. Anderson,* 219 Ill. 32; *Pyle v. Puntney,* 254 Ill. App. 224.

In the case of *MacGregor v. Miller,* 324 Ill. 113, 118, the court said:

"It is a well recognized rule that where the performance of an official duty or act involves the exercise of judgment or discretion the officer cannot ordinarily be controlled with respect to the particular action he will take in the matter, and where an officer, in the exercise of discretionary power, has considered and determined what his course of action is to be he has exercised his discretion, and his action is not subject to review or control by mandamus; and so careful are the courts of encroaching in any manner upon the discretionary powers of public officials, that if any reasonable doubt exists as to the question of discretion or want of discretion they will hesitate to interfere, preferring rather to extend the benefit of the doubt in favor of the officer."

It is further claimed by the plaintiff that section 12 of the Medical Practice Act, which lodges the power to determine whether an examination shall be accorded to applicants or not, is unconstitutional, being in violation of both the State and federal constitutions. If this were true and we were permitted to pass upon and decide with plaintiff's contention, then there would be no law regulating the issuance of a license and the defendant would be excused from giving the examination for want of power to give same.

From a review of this record it appears that the defendant has exercised the discretion legally placed in

him and that his action has not been proven to be arbitrary or unlawful and for that reason the trial court should not have issued the writ. The judgment of the superior court is, therefore, reversed.

*Judgment reversed.*

HALL, P. J., and HEBEL, J., concur.