## Edward Perkins, Appellee, v. Russell Stephens, Appellant.

### Gen. No. 9,032.

Opinion
filed January 15, 1937.

W. S. LAMON, State's Attorney, for appellant; VAN
SELLAR & McCLAIN, of Paris, of counsel.

HARVEY GROSS, of Paris, for appellee.

MR. JUSTICE RIESS delivered the opinion of the court.

This was a petition for a writ of mandamus in
the circuit court of Edgar county, by appellee, peti-
tioner below, against appellant, Russell Stephens,
county superintendent of schools of Edgar county,
Illinois, as respondent, to compel respondent to ap-
prove an application for transfer of petitioner's chil-
dren from the Metcalf High School to the Paris High
School District, both in Edgar county, on the ground
that it was more convenient for the pupils to attend the
Paris High School.

The appellee, as petitioner in the circuit court, in
his petition in substance alleged that he is a resident
of the Metcalf Township High School, District No. 157,
in Edgar county; that he has two children, who for
the past year have been attending high school at the
Paris Union High School, District No. 95; that it is
six miles from his residence to the Metcalf High
School, in the village of Metcalf; that the mother of
petitioner, grandmother of the children, resides in
Paris within one block of the High School; that all of
the business trading, social and amusement relations
of the petitioner and his family are in Paris; that dur-
ing the entire time his children have been in high school
at Paris, they have resided with their said grand-

mother, or with their mother's mother, thereby eliminating the necessity of traveling to Metcalf; that the petitioner owns one automobile which he uses in his daily business, and has no other means of conveyance, and that it is much more convenient for the children to be permitted to attend the Paris High School; that the law provides that upon the approval of the county superintendent, any high school pupil may attend a recognized high school more convenient in some high school district other than the one in which he resides, and that the district in which he resides shall pay tuition to the other district, provided the tuition does not exceed the per capita cost of maintaining the high school attended; that the Paris High School is a recognized high school with a four-year course; that prior to the opening of the high school, the petitioner made known to the respondent county superintendent of schools the facts stated in the petition, and explained that it was more convenient for the children to attend the Paris High School than the Metcalf High School; that the county superintendent of schools, though not denying, but admitting that it was more convenient for the children to attend the Paris High School, refused to approve such attendance, and still refuses, giving no reason for such refusal, except that it would injure the Metcalf High School if it had to pay the tuition of said pupils at the Paris High School, and probably would be the cause of other high school pupils in the county requesting similar transfers; that the refusal of respondent to approve the attendance of said pupils at the Paris High School was arbitrary and unjust, and not a proper exercise of his duties.

The respondent filed a motion, asking for judgment, stating that the petition did not allege circumstances tending to show duty of respondent to approve the attendance of petitioner's children at the Paris High School. This motion was overruled. Respondent then

answered the petition. By his answer, respondent admits that petitioner's two children attended the Paris High School for the past year. He neither admits nor denies a number of the allegations which are not material here.

He further admits that the Paris High School is a recognized high school with four-year courses, but denies that anyone but the county superintendent of schools has the right to determine whether the approval shall be given and avers that said approval is purely a matter of discretion on the part of the county superintendent, and unless he has acted in giving or withholding his approval for the transfer of a pupil in a manner that can be said to have amounted to fraud or abuse of discretion, said pupil has no right to a transfer.

Respondent admits that prior to the opening of both the Paris High School and the Metcalf High School for the year 1935, petitioner spoke to him about the transfer of said pupils and told him that it was more convenient for the children to attend the Paris High School, and requested him, as county superintendent, to approve their transfer to said Paris High School.

Respondent denied that he admitted it to be more convenient for the children to attend the Paris High School than the Metcalf High School, and admitted his refusal to approve the transfer, and still refuses to approve the same. He denied that he gave as a reason for such refusal that it would injure the Metcalf High School District if it had to pay the tuition of said pupils, and would probably be the cause of other high school pupils requesting similar transfers. He denied that his refusal to approve the attendance of the children at the Paris High School was arbitrary and unjust, and denied that it was not a proper exercise of his duty in the premises, or contrary to the intent and purpose of the law.

On the trial the petitioner testified that he lives in Metcalf High School District; that he has two daughters; that his mother is a widow and lives in Paris, and that his wife's mother lives in Paris, and is a widow; that he lives six miles from the Metcalf High School on an oil and mud road; that he owns one automobile for general use; that he has no other way to send his two children to school; that he goes to Metcalf once or twice a year, and does all of his business in Paris; that his children attend the high school in Paris, and stay at his mother's home, and that he has no relatives in Metcalf; that he talked to the appellant at his office, and told him about the conditions, and that it would be inconvenient to send the children to Metcalf; that he told him about their grandmother keeping them, and asked for a transfer; that the respondent told him he could not grant a transfer on account of other permits, and that he gave no other reason.

He further testified that he owned 111 acres of land; that his land is "involved"; that he lives a quarter of a mile north of what is known as the Horace Road; that by going south a quarter of a mile he could travel on a gravel road all the way to Metcalf; that to go to Paris it would be necessary to travel five miles over the same road.

The respondent testified that he was county superintendent of schools, and is familiar with the Metcalf High School and the Paris High School; that both are recognized high schools; and that he knows where appellee lives; that in going to Metcalf it is necessary for him to travel six miles, and in going to Paris it is necessary for him to travel five miles; that the roads are passable at all times.

He further testified that he told petitioner that he could not grant transfers to his children, unless it was agreeable to both boards of education, and that he would not admit that it would be more convenient for

them to go to Paris to school, and that he does not say now that it would be more convenient for them to go to Paris; that sometimes an exchange can be made, and that was attempted in this case; that if he granted a permit in this case, it would be necessary for him to grant one in all cases.

Respondent seeks to reverse and set aside the order granting the writ of mandamus.

Under the statute the county superintendent alone has the right to approve or refuse transfers. The statute in question reads as follows: "Upon the approval of the County Superintendent of Schools, any high school pupil may attend a recognized high school more convenient in some district other than the high school district in which he resides and the Board of Education of the high school district in which such pupil resides shall pay the tuition of such pupil provided said tuition shall not exceed the per capita cost of maintaining the high school attended." Ch. 122, ¶ 104, Ill. State Bar Stats. 1935; Jones Ill. Stats. Ann. 123.111 (Ch. 122, sec. 104, Smith-Hurd Statutes).

The appellee petitioner relies on the decision of the recent case of *Pyle v. Puntney*, 254 Ill. App. 224. The same question presented here was before the court in that case. The petition for a writ of mandamus alleged facts similar in character to the facts alleged in the present petition. It further alleged that the county superintendent admitted it was more convenient for the pupil to attend the high school to which he had asked for a transfer. Defendant demurred to the petition, and thereby admitted all the facts alleged therein, including the allegation that the county superintendent found it was more convenient for appellant's son to attend the Carmi school.

The holding of the court in that case then necessarily was that the superintendent's discretionary power was exhausted, and his duty to give his approval

then became a mere ministerial act, the performance of which, in a proper case, could be enforced by mandamus.

Under the present statute it is not the province of the court to determine what high school is more convenient for certain pupils to attend since the determinative discretion has been placed with the county superintendent. *Board of Education of Drummer Township High School Dist. No. 118, v. Board of Education Sibley Community High School Dist. No. 115,* 323 Ill. 152; *School Directors of School Dist. No. 3, County of Clay v. Babcock,* 249 Ill. App. 305.

In the case of *School Directors of Dist. No. 3, County of Clay v. Babcock, supra,* the bill alleged in substance that six pupils named therein resided in complainant's School District No. 3 within four blocks of the high school; that in going from their homes to the Flora School in District No. 99, they passed by complainant's school, crossed two railroads, and then drove for about nine miles on a concrete road before reaching the Flora High School; that the Flora School was not more convenient, nor better adapted, nor more appropriate to the case and comfort of said pupils; that the pupils reported to the school superintendent that they desired to pursue certain studies not taught in School District No. 3; that the superintendent found it was more convenient for them to attend the Flora School, and approved their application for transfer. The bill sought to restrain the board of education of the home district from making the payment of tuition of the pupils on the ground that the action of the county superintendent in approving and granting such transfer was illegal, and constituted fraud and abuse of his official discretion.

We held in that case that the county superintendent did not abuse his discretion in granting the transfer and we said that "the statute aforesaid designates the

County Superintendent of Schools as the party whose duty it is to determine the question of convenience and as the one to say what high school is more convenient to such high school pupils. The Statute made him a ministerial officer for that very purpose, and his decision as such ministerial officer is valid and binding and cannot legally be disturbed in a collateral proceeding by any court in the absence of any showing of fraud. The Circuit Court should therefore not have concerned itself with the question of whether or not appellee's school was more convenient for such pupils than that of appellant's, as there was absolutely no claim of fraud in the obtaining or in the making of the ministerial officer's decision.''

Whether or not the Paris High School was more convenient for the petitioner's children than the Metcalf High School was a question to be determined by the county superintendent of schools under the discretionary power lodged in him by the statute, and even though we might disagree with the county superintendent on that question, nevertheless, we cannot hold under this record, in the absence of any finding by him that it was more convenient for said pupils to attend said high school, that his decision in refusing to approve said transfer was either fraudulent, or constituted oppressive or arbitrary abuse of his discretionary powers.

The judgment of the circuit court is reversed, with directions to quash the writ of mandamus heretofore issued, and to dismiss the petition.

*Judgment reversed and cause remanded with directions.*